# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:04CV128-MU

| | |
|---|---|
| GEORGE SALEMO, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )     **ORDER**<br>) |
| BANK OF AMERICA, N.A., | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss" (Doc. 9), Plaintiff's "Motion for Default Judgment" (Doc. 18), and Plaintiff's "Motion for Judgment in Favor of the Plaintiff" (Doc. 26).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff in this case alleges that from September 2002 to November 2002 an unauthorized person cashed checks totaling $6,000 to $13,000 against the Bank of America ("BofA") account of Childers & Jenkins, Inc., a non-active corporation of which the Plaintiff is the president, chief executive officer, and principal stockholder. The Plaintiff, who is proceeding *pro se*, initiated the case on March 22, 2004, by filing a Motion to Proceed In Forma Pauperis. On April 28, 2004, the motion was granted and the Plaintiff filed his Complaint. In his Complaint, the Plaintiff seeks approximately $15,000 in compensatory damages and $250,000 in punitive damages.

On January 29, 2004, just three months before filing suit in the Western District of North Carolina, the Plaintiff had initiated a virtually identical lawsuit in the Northern District of California.

On February 10, 2004, the District Judge in that case dismissed the Plaintiff's Complaint, along with his motion to proceed in forma pauperis, on the grounds that the court lacked subject matter jurisdiction over the proceedings. In particular, the District Judge held that there was no federal question jurisdiction, and that the Plaintiff had failed to satisfy the amount in controversy requirement for diversity jurisdiction. The dismissal was without prejudice to the Plaintiff's right to refile the action in state court.

Rather than proceed state court, however, the Plaintiff initiated the instant suit. In response, the Defendant filed a motion to dismiss the Complaint on the grounds that the Court lacks subject matter jurisdiction over Plaintiff's claims. The Defendant alternatively contends that the Complaint should be dismissed because it constitutes a frivolous filing pursuant to 28 U.S.C. § 1915(e)(2).

The Plaintiff filed a memorandum opposing the motion to dismiss, and the Defendant filed a reply to Plaintiff's response. In addition to filing a brief opposing the motion to dismiss, the Plaintiff filed a motion for default judgment on the grounds that the Defendant failed to file a "responsive answer" to the Complaint.

Subsequently thereafter, the presiding judge in the case, the Honorable H. Brent McKnight, passed away and all of Judge McKnight's pending cases, including the instant case, were reassigned to the other judges in the Charlotte Division. The instant case was reassigned to the undersigned.

Shortly after the reassignment of this case, the Plaintiff moved for judgment in his favor on the grounds that the Court had not yet ruled on the pending motions. Although the Plaintiff contends that such delay has violated his due process rights, he cites no authority to support his contention.

All of these motions are ripe for consideration by the Court, and will be addressed in the order in which they were filed.

## II. DISCUSSION

### A. Motion to Dismiss For Lack of Jurisdiction

As an initial matter, the Defendant contends that the District Court's finding that there was no subject matter jurisdiction over the dispute in the case filed in the Northern District of California bars the Plaintiff from relitigating the issue here. The Defendant further contends that regardless of whether the Plaintiff is barred from relitigating the issue, the fact remains that there is no federal question presented in this case, and that the amount in controversy requirement for diversity jurisdiction has not been satisfied. For the reasons below, the Court finds that the Court does indeed lack subject matter jurisdiction over the instant dispute.

The existence of subject matter jurisdiction is a threshold issue for the court. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 86 (1998). The Plaintiff bears the burden of showing that subject matter jurisdiction exists. *William v. United States*, 50 F.3d 299 (4th Cir. 1995). A federal question must appear on the fair reading of a well-pleaded complaint. *Duke Power Co. v. Carolina Environmental Study Group, Inc*., 438 U.S. 59 (1978).

A motion to dismiss should be granted if after taking all the allegations in the complaint as true, and construing the facts alleged in the complaint in the light most favorable to the plaintiff, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); *accord North Carolina v. Howard,* 323 F.Supp. 2d 675, 678 (W.D.N.C. 2003). It is especially important to construe the complaint in the light most favorable to the plaintiff if he is proceeding pro se. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Howard,* 323 F.Supp. 2d at 678..

The Court has carefully reviewed the Complaint in this case and construed it in the light most favorable to the *pro se* Plaintiff. Based on such review, and regardless of whether or not the District

Court's decision in the California case is binding in this case, it is clear that the Court lacks subject matter jurisdiction over the instant dispute. In particular, the Complaint does not allege facts which would support a finding of federal question jurisdiction nor does it allege facts which would establish that the amount in controversy is sufficient to establish diversity jurisdiction.

As far as federal question jurisdiction is concerned, the Plaintiff asserted in his Complaint that a federal question is presented because BofA is a federally chartered bank pursuant to 28 U.S.C. § 1348.[1] However, as noted by the District Court in California, § 1348 does not provide an independent basis for federal subject matter jurisdiction except in very limited circumstances that do not apply here. *See, e.g., Southern Elec. Steel Co. v. First National Bank of Birmingham*, 515 F.2d 1216, 1217 (5th Cir. 1975)(dismissing complaint alleging forged endorsements for lack of federal subject matter jurisdiction stating that § 1348 "clearly was intended to forbid entertaining these types of actions merely because the bank is federally chartered....").

Given that no federal question jurisdiction exists, the Plaintiff must establish diversity jurisdiction under 28 U.S.C. § 1332 which he cannot do. In particular, he cannot show that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[2]

---

[1] Section 1348 provides:

> The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under Chapter 2 of Title 12, to enjoin the Comptroller of Currency, or any receiver acting under his direction, as provided by such chapter. All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.

[2] The Court notes that there is also a question as to whether or not there is complete diversity among the parties since § 1348 seems to provide that a bank is a citizen of any state in

The Plaintiff contends that the amount in controversy exceeds $75,000 if the Court takes into account his claim for punitive damages. Although the Plaintiff is correct that a court may take into account punitive damages in determining the amount in controversy, once the jurisdictional facts are challenged, a plaintiff must present "competent proof" that he is entitled to such damages. *See Moch v. Asheville Hotel Assocs., Ltd.*, 1992 WL 301949 (4th Cir. Oct. 22, 1992)(unpublished). Stated another way, if from the face of the pleadings, it is apparent to a "legal certainty" that the plaintiff cannot recover the amount claimed, then the complaint must be dismissed. *Moch*, citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938).

Here, the Plaintiff has done nothing more than allege that BofA honored a check which had been forged. He has alleged no facts, and presented no proof, of any conduct which would support a claim for punitive damages, much less punitive damages of more than ten times his actual damages. Stated the other way, it appears to the Court to a legal certainty, based on the allegations in the Complaint, that the Plaintiff is <u>not</u> entitled to recover punitive damages in this case. *Accord H&D Tire and Automotive-Hardware, Inc., v. Pitney Bowes, Inc.,* 227 F.3d 326, 329 (5th Cir. 2000)(court did not include punitive damages in determining amount in controversy since there was no evidence of conduct that would support such damages); *D'Amato v. Rhode Island Hosp. v. Trust Nat'l Bank,* 772 F.Supp. 1322, 1325 (D.R.I. 1991)(holding that amount in controversy requirement not met where the plaintiff failed to allege conduct by defendant bank which was sufficient to justify punitive damages). Accordingly, the Plaintiff has failed to establish that the amount in controversy exceeds $75, 000.

---

which it has a branch which would mean that both the Plaintiff and BofA would be citizens of Texas. *See, e.g., First Union Corp. v. America Cas. Co. of Reading, PA*, 222 F.Supp.2d 757, 769-70 (W.D.N.C. 2001). However, BofA does not agree with this reading of the statute and, therefore, for the sake of this motion, the Court will assume that the parties are diverse.

In so holding, the Court notes that *Coker v. Bank of America,* 984 F. Supp. 757 (S.D.N.Y. 1997)*,* relied upon by Plaintiff, is factually distinguishable from the instant case since the plaintiff in *Coker* had alleged that the Bank had paid a fraudulently endorsed check *after* it had been notified that the plaintiff's checkbook had been stolen and a stop payment order had been entered. Assuming the allegations in *Coker* were true, they supported a finding that the bank had acted recklessly or willfully. Here, there is no allegation that BofA knew about the unauthorized transactions prior to honoring the fraudulently endorsed checks, or that BofA engaged in any other willful or reckless conduct.

Simply put, the Plaintiff has failed to establish that he can satisfy the requirements for diversity jurisdiction, nor has he established that there is jurisdiction based on a federal question. Accordingly, the Court finds that the Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.[3]

### B. Plaintiff's Motion for Default Judgment

As previously stated, the Plaintiff has moved for a default judgment against the Defendant on the grounds that it failed to file an answer to the Complaint. Plaintiff's argument is without merit, however, since the Federal Rules clearly provide that a party may file a Rule 12 motion in lieu of filing an answer, and that the party's answer is not due until ten days after receiving notice of the court's action on the motion. Fed. R. Civ. Proc. 12(a)(4)(A).

Here, the Defendant opted to file a motion to dismiss instead of filing an answer and since the motion to dismiss is being granted, no answer is necessary. Accordingly, Plaintiff's motion for default judgment must be denied.

---

[3] Since the Court is dismissing the Complaint on jurisdictional grounds, the Court need not address the Defendant's argument that the Complaint is frivolous.

### C. Plaintiff's Motion for Judgment Due to Delay

As previously stated, the Plaintiff has moved for judgment in his favor on the grounds that the Court's delay in ruling on the pending motions has somehow violated his due process rights. However, he has cited no authority to support his contention.

As also previously explained, any delay in ruling on the pending motions has been due to extenuating circumstances, namely the illness and death of the presiding judge, as well as the overall caseload of the current judges. The Court sees no prejudice to the Plaintiff or violation of the Plaintiff's rights as a result of such delay, especially given that the Court has found that the Defendant's motion to dismiss should be granted.

Accordingly, the Court finds that the Plaintiff's motion for judgment in his favor must be denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The Defendants' Motion to Dismiss (Doc. 9) be **GRANTED,** and that the Complaint be dismissed;

2. The Plaintiff's Motion for Default Judgment (Doc. 18) be **DENIED**; and

3. The Plaintiff's Motion for Judgment in Favor of the Plaintiff (Doc. 26) be **DENIED**.

**Signed: May 24, 2005**

Graham C. Mullen
Chief United States District Judge