**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-2161

GEORGE SALEMO, President, Childers & Jenkins,
Incorporated,

                                        Plaintiff - Appellant,

versus

BANK OF AMERICA, NA,

                                        Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CA-04-128-3-MU)

Submitted: March 17, 2006                Decided: April 11, 2006

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

George Salemo, Appellant Pro Se. Mark Vasco, William Michael Starr, NELSON, MULLINS, RILEY & SCARBOROUGH, LLP, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

George Salemo seeks to appeal the district court's order dismissing his civil complaint. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's judgment was entered on the docket on May 25, 2005. The notice of appeal was filed on September 30, 2005.* Because Salemo failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

*For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).